United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE GUZMAN,

    Petitioner,

  v.

BEN CURRY, warden,

    Respondent.
                               /

No. C 08-2066 SI (pr)

**ORDER ON INITIAL REVIEW**

## INTRODUCTION

Jose Guzman, a prisoner incarcerated at the Correctional Training Facility in Soledad, has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

Guzman's petition challenges a September 13, 2005 decision by the Board of Parole Hearings finding him not suitable for parole. He apparently sought relief in the California Supreme Court before filing this action. His federal petition has an April 1, 2008 signature date and was stamped "received" at the courthouse on April 18, 2008, and "filed" on April 21, 2008.

## DISCUSSION

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Under Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, a district court may also order the respondent to file another pleading where neither summary dismissal nor service is appropriate.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. See 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. See id. § 2244(d)(2).

It appears that the petition may be untimely under the AEDPA's one-year limitation period. This apparent procedural problem should be addressed before the court reaches the merits of the claims raised in the petition. If the petition is time-barred, the litigants and court need not expend resources addressing the claims in the petition. Accordingly, pursuant to Rule 4 of the Rules Governing Habeas Corpus Cases Under Section 2254, respondent must either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the court that

**CONCLUSION**

Good cause appearing therefor,

1. The clerk shall serve by certified mail a copy of this order, the petition, and all attachments thereto upon respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall send a copy of this order to petitioner.

2. Respondent must file and serve, no later than **October 3, 2008**, a motion to dismiss the petition or a notice that respondent is of the opinion that a motion to dismiss is unwarranted.

3. If petitioner wishes to oppose the motion to dismiss, he must do so by filing an opposition with the court and serving a copy upon respondent no later than **November 7, 2008**.

4. Respondent must file and serve his reply, if any, no later than **November 28, 2008**.

5. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion. If respondent notifies the court that a motion to dismiss is unwarranted or the motion to dismiss is decided against respondent, the court will then determine whether to require an answer to the petition.

6. Petitioner's in forma pauperis application is DENIED as unnecessary because he paid the filing fee.   (Docket # 2, # 3.)

IT IS SO ORDERED.

DATED: August 4, 2008

_____
SUSAN ILLSTON
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

JOSE GUZMAN,

        Plaintiff,

v.

BEN CURRY et al,

        Defendant.
        _____/

Case Number: CV08-02066 SI

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 5, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Jose Guzman E-53800
Corr Training Facility
P.O. Box 689
Soledad, CA 93960

Dated: August 5, 2008

Richard W. Wieking, Clerk
By: Tracy Sutton, Deputy Clerk