UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE GUZMAN,                              No. C 08-2066 SI (pr)

      Petitioner,                      **ORDER OF DISMISSAL**

   v.

BEN CURRY, warden,

      Respondent.
                                      /

## INTRODUCTION

Jose Guzman, a pro se prisoner, has filed a petition for writ of habeas corpus challenging a 2005 parole denial. Now before the court for consideration is respondent's unopposed motion to dismiss the petition as untimely. For the reasons discussed below, the court finds the petition to be barred by the statute of limitations and dismisses it.

## BACKGROUND

Guzman was convicted in Los Angeles County Superior Court of second degree murder with use of a firearm and assault with a deadly weapon. In 1990, he was sentenced to 17 years to life in prison. His habeas petition does not challenge his conviction but instead challenges a September 13, 2005 decision of the Board of Parole Hearings ("BPH"), that found him not suitable for parole.

Guzman filed one state habeas petition and one federal habeas petition before filing his current petition to challenge the 2005 parole denial. He filed a habeas petition in the California Supreme Court on October 2, 2007. That petition was denied on March 19, 2008. Guzman's first federal petition, Guzman v. Curry, No. C 07-3051 SI, challenging the 2005 parole denial was filed on June 12, 2007. The court dismissed the petition with leave to amend on July 30, 2007, and dismissed the action on December 17, 2007, because Guzman never filed an amended petition and the deadline (September 7, 2007) by which to do so had long since passed.

His current federal petition has an April 1, 2008 signature date, was stamped "received" at the courthouse on April 18, 2008, and was stamped "filed" on April 21, 2008. Due to Guzman's status as a prisoner proceeding pro se, he receives the benefit of the prisoner mailbox rule, which deems most documents filed when they are given to prison officials to mail to the court. See Stillman v. LaMarque, 319 F.3d 1199, 1201 (9th Cir. 2003). For purposes of the present motion, his federal habeas petition is deemed filed on April 1, 2008, on the assumption that he gave it to prison officials to mail on the day he signed it.

## DISCUSSION

A petition for writ of habeas corpus filed by a state prisoner must comply with the statute of limitations in 28 U.S.C. § 2244(d). Section 2244's one-year limitation period applies to all habeas petitions filed by persons in "custody pursuant to the judgment of a State court," even if the petition challenges an administrative decision rather than a state court judgment. Shelby v. Bartlett, 391 F.3d 1061, 1063 (9th Cir. 2004) (quoting 28 U.S.C. § 2244(d)(1)). Although the statute of limitations period has four possible starting dates, § 2244(d)(1)(D) usually applies to prisoners challenging administrative decisions such as parole denials, i.e., the limitation period runs from the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," and the one-year limitations period begins to run on the date the administrative decision becomes final. See Shelby, 391 F.3d at 1066 (limitation period began to run the day after prisoner received timely notice of the denial of his administrative appeal challenging disciplinary decision); Redd v. McGrath, 343 F.3d 1077,

2

1079 (9th Cir. 2003) (limitations period began to run when BPT denied prisoner's administrative appeal challenging the BPT's decision that he was unsuitable for parole). The "factual predicate" of the habeas claims is the date on which the adverse administrative decision becomes final and not and not the denial of the state habeas petition. See id. at 1082.

The BPH's September 13, 2005 decision denying parole for Guzman became final on January 12, 2006. See 9/13/05 RT 55. That is the date on which the one-year limitations period started. The presumptive deadline for Guzman to file his federal habeas petition therefore was January 12, 2007.

The one-year limitations period will be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). A prisoner challenging an administrative decision can receive statutory tolling for the period when state habeas petitions are pending. See Redd, 343 F.3d at 1084. Once the limitations period expires it cannot be revived, however. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed," even if the state petition was timely filed). The only state habeas petition was filed in October 2007, more than nine months after the expiration of the one-year deadline and therefore could not toll or revive the limitations period under § 2244(d)(2).

The limitations period can be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar. Calderon v. United States District Court (Beeler), 128 F.3d 1283, 1288 (9th Cir. 1997), cert. denied, 523 U.S. 1, and cert. denied, 523 U.S. 1061 (1998), overruled in part on other grounds by Calderon v. United States District Court (Kelly), 163 F.3d 530 (9th Cir. 1998) (en banc), cert. denied, 526 U.S. 1060 (1999). Two standards have been articulated for determining whether equitable tolling is appropriate. The standard that has long used in the Ninth Circuit was that equitable tolling would not be available in most cases because extensions of time should be granted only if "extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." Beeler, 128 F.3d at 1288 (citation and internal quotation marks omitted). The Supreme Court articulated the standard differently, and stated that "a

3

litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace, 544 U.S. at 418 (petitioner's lack of diligence in filing timely state and federal petitions precluded equitable tolling); Raspberry v. Garcia, 448 F.3d 1150, 1153 (9th Cir. 2006) (quoting Pace); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."). The Ninth Circuit has not settled on a single consistent standard. See Harris v. Carter, 515 F.3d 1051, 1055 (9th Cir.), cert. denied, 129 S. Ct. 397 (2008) (declining to decide whether Pace standard differs from Beeler standard). Under either articulation of the test, the petitioner bears the burden of showing that equitable tolling is warranted in his case. See Miranda v. Castro, 292 F.3d 1063, 1065 (9th Cir. 2002); Pace, 544 U.S. at 418.

Guzman does not argue that there is any reason for equitable tolling in his case. The court need not decide whether the filing of the earlier federal petition would warrant equitable tolling because the event occurred too late. Guzman's first federal petition was not filed until June 2007, five months after the statute of limitations deadline had passed. Guzman's current petition was untimely filed and is barred by the habeas statute of limitations.

## CONCLUSION

Respondent's motion to dismiss is GRANTED. (Docket # 6.) The petition for writ of habeas corpus is dismissed because it was not filed before the expiration of the limitations period in 28 U.S.C. § 2244(d)(1). The clerk will close the file.

IT IS SO ORDERED.

DATED: May 22, 2009

*Susan Illston*
SUSAN ILLSTON
United States District Judge

4